The next case on the call of the docket is Agenda Number 14, Case Number 126150, In Re Application for a Tax Deed, S.I. Resources, LLC, v. Opal Castro-Verman, Eppley's. Mindy Salyer. Okay. Good early afternoon, late morning. Yes. Your honors. And may it please the court, my name is Mindy Salyer, and myself, along with Amanda Morrissey, my colleague who represent S.I. Resources, and Kadisha Brown, who are the appellants in this case. And we're here before the court today. Primarily, the main issue on this appeal is what is the procedure to set forth? A 2285 motion to void a tax deed. So this case involves the property tax code alongside a simple code of procedure. And the question that has stemmed from some court reading 2245 of the property tax code, which specifically holds that collateral attacks for orders for tax deed are limited to four specific grounds in Section 2245. And conversely, there's a section in the code 2285 that is self-executing. It's automatic, and that section holds that a tax purchaser who acquires an order for tax deed is required to take out and record a tax deed within one year of the final date of redemption. And the one year statutory redemption for the one year is to, in connection with merchant availability, the finality of tax deed, since you have one year from the final date of redemption. And if you don't do that, if you don't do all those steps and get a tax deed recorded within one year, it's just automatically void under 2285 of the property tax code. Does that mean it would be available any time? Is there any time restrictions on bringing the 2285 proceeding? No, Your Honor, because if the tax deed is void and it's self-executing and it's operation of law, and if it's not recorded in the one year time limit, then the tax deed is forever void. So even years later, it could be set aside. If ultimately, yes, it's proven that it's not recorded within the one year time frame, that deadline from the last date of redemption period. So to understand this, you know, they petitioned for tax deed to tax petitioners, and they set a final redemption period. It's not the original redemption period set forth in the Constitution, because you can extend that by a notice of extension of redemption. So there's a final redemption date that's set upon filing a petition for tax deed, which then causes that time frame to serve the notices. And so the tax petitioner has one year from that final date of redemption to, as the specific statutory provision provides, take out and record a tax deed. And so that means you have one year after final redemption expiration to acquire your proofs, do a proof of hearing, acquire an order for tax deed, and then take that order over to a county clerk's office, who then has no choice but to issue the tax deed according to the court's direction. So in this case, in this particular case, what happened is that the original redemption date expired in October 10, 2015, and then there was other litigation of a 1203 proceeding happening. But then what happened is, is that the order's language directly said, the 2280A order said that the order was to, it directed the county clerk to issue the tax deed to Castleman. And I'll note here that the petitioners in this underlying tax deed proceeding were two. They were husband and wife, Opal and Stephen Castleman, and Stephen Castleman was representing them pro se to get the tax deed. But nevertheless, the order for tax deed was entered on October 19, 2015, and it directed in the direction of the order to have the tax deed issued to the Castlemans. And then ultimately, the state's attorney, we filed a writ of mandamus action that spawned from the appellate court proceeding in the 2203 action. And so when SI Resources and Condizer Brown appealed from the denial of their 2203, which had set forth facial defects to the notices, meaning the order should have never issued in the first place, the 2203 proceeding was rejected on a technical defect that we were not parties, so the merits were never addressed. And so during that court panel oral argument is when we had first learned, just prior to the argument, that Mr. Groom had taken the certificate and was assigned to Mr. Groom. And he had went to the clerk's office and acquired a tax deed. And so we called it to the appellate court's attention, and then, you know, they were just speculating on the bench. You know, it was a discussion, and it had come up about, well, that sounded like a writ of mandamus to enforce an order for tax deed. Because we didn't want, we weren't attacking the order for tax deed. We were saying the clerk has to do with the order for tax deed states, which is to issue the tax deed to Castleman. So after the appellate court oral arguments, we contacted the Hamilton County Assistant State's Attorney's Office, and they agreed, and they conferred with the county clerk. And we filed a MR, writ of mandamus, and that was essentially just dealt with through the state's attorney's office at the Hamilton County. You know, they did the agreed order, and then the order was entered. And then the clerk issued the tax deed to Castleman as directed by the 2248 order. So that's kind of the background that leads us to the count one. And so when we filed a count one motion to void the tax deed in account to traditional 214.01 petition limited to 2245, the trial court treated our count one as a 214.01 petition. And it's true that our motion to void the tax deed pursuant to 2285 didn't have 214.01 written in that count. But the trial court treated it like a 214.01 petition, which is evidenced in the order. So then we appeal from the trial court order, and the appellate court issued its decision. And that essentially says that, you know, that we didn't file our count one 2285. We didn't set forth a procedure of 214.01, and that even if we had, it still wouldn't state a claim. So that kind of leads us here to this court today. What was count one? Excuse me? What was count one? Count one was the section 2285 motion. What was it? Just a motion? I mean, was it a 214.01? You're saying it wasn't a 214.01. Was it a deck action? What vehicle did you use to bring 2285 to the court's attention? Well, the body of the count one was asking the court to declare the tax deed void under 2285. So a motion can be filed 100 years from now and a void tax deed, and then whoever's owned the property for 100 years is out of luck? Just based on a motion filed in a circuit court? No, we think that it's more declaratory, 2285. The confusion is that there are several appellate court cases that treat it like a 214.01, and in our opinion, when we read 214.01, 214.01 expressly states that it's for a collateral challenge to an order or a judgment. And there's some confusion, too, I think, in some of the cases where order and tax deed are interchangeably used sometimes, and the property tax code language doesn't do that. And so, you know, to attack an order for tax deed, of course, we would set forth a 214.01 petition. But we mirrored our pleading similar to what was adjudicated in the first district appellate court, the MB Financial Bank case. And so we follow the cases and we see what's pleaded in those cases. And so the MB Financial Bank case had a motion to void the tax deed, and it was in a two-count petition that was just treated as a 214.01 proceeding, and they voided the tax deed. So we... Your 2285 grounds to void the tax deed is based on grounds found in 2245. Is that right? That's absolutely correct. And so that's important because the 5th District Appellate Court, they read 2245 in isolation because it starts in its statutory provision to say tax deeds incontestable except by these provisions. But then it goes further in 2245 to make it clear that you have to collaterally challenge the order for tax deed on four grounds, and that's they're paid or exempt. That's one and two, or it's fraud, or they didn't name the party, interested party in the publication notice. Now, it's important here to note, Justice, that when you file a 2245 to 1401, what I call or deem of the courts deem a traditional petition, it immediately invokes 2280 of the property tax code because if the petitioner wins on any count on a 2280, or excuse me, a 2245 collateral petition to vacate an order or void it, then that 2280 money is immediately invoked. And what 2280 states, A, is, is that if one in two of 2245 are granted, the taxes were paid or exempt prior to the sale, then 2280A states that the state's attorney is going to issue a sale-in-air refund, and that purchaser is going to get their money back from the bid on the certificate. It says in there, or any other order otherwise void. 2285, conversely, is limited to a specific, narrow fact pattern to the tax deed, and the language says the certificate or the deed and the sale upon which it's based are void. We don't read 2285 of the property tax code to extend over to voiding an order, directing the issuance of tax deed. We think that order issues, the court has jurisdiction to enter the order from the NREM. The order issues, and immediately that time starts ticking. You've got one year to take out and report a tax deed, and if you don't, it's going to be self-executing. It's going to be void, but the key here is without right to reimbursement. And so that takes it away from 2280, which is in connection to 2245, and 2245 of the property tax code. This court was absolutely correct in T.G. Enterprises, the Cornelius, this court's case. You know, a collateral attack on an order directing the issuance of tax deed is in fact limited when you're attacking the order collaterally to two years, and it's limited to the four crowns in 2245 of the property tax code. But that does not render 2285 meaningless or inoperable. 2285 is a separate, more specific provision that's sitting over here and saying, yes, all of these things are true in 2285 in the merchantability of tax deeds, but if you do not record that tax deed within one year, that's it. It's without right to reimbursement, and the tax deed is void. The issue becomes with 2285 is the validity of the tax deed. 2285 is the validity of the tax deed. 2285, sir, I would, Justice, I would say with more, 2285 is a self-executing voiding of a deed if it's not recorded in a specific time frame. I don't think that 2285 nor do I read the provisions to address anything regarding the validity of the order or whether or not the order or the tax deed should have issued. It's a self-executing provision that if it's not recorded by this date one year from the one-year deadline and one year from the final date of redemption, it's void automatically as a matter of law. Conversely, then the 2245 limits the collateral challenges. And so the language in 2245, it's clear that the legislator put the words collateral attack, the attack on the order for 2245, and they differentiated the tax deed in 2285 with the timeline. So what happens is we have these other appellate court cases such as the Third District Appellate Court City Mortgage where they're extending out and they're saying, oh, the tax deed's not just void under 2285, but the order's void as well. And in these cases, the petitioners are filing two 1401 petitions. Now, it's our position as we laid out in the brief, we don't read 22, Ms. Morrissey and myself, we don't read 2285 to void an order for tax deed. We just don't. We think the plain language of 2285 is expressed to a tax deed in a narrow set of facts. You have to record it within one year. Otherwise, it's void. But these other appellate court cases, you know, have, in fact, extended it over to also void the order for tax deed. And so in our opinion, after reading the property tax code and the effect of it, the question is, what does it matter if an order's void if the tax deed's void? Because that's the whole point of 2285. If the tax deed's void, what does anything else matter? It doesn't because it's without writing to reimbursement. So it wouldn't matter if you had a legitimate or justice, as you would say, valid order for tax deed. And then this tax deed's void. It's done. And so reaching out and extending 2285 to void an order is kind of like just we view it as second handing out two blue ribbons for one contestant because the tax deed does the job when it's void on 2285. And so the order is over here on 2245 limited to these express provisions collaterally attacking the order with a different set of fact patterns, a different set of burden of proofs, a different set of evidentiary hearings, a different set of witnesses at the 21401 final hearing versus over here that one year expired, you didn't record the tax deed. So those are the difference there between the 2240 and the 2285. And so the case files under the narrow set of facts make it clear that the orders for tax deeds, according to the property tax code, are only void on two occasions, back to 2280A and 2245.1 and 2. Those are the only two occasions an order for tax deed can be void. That the taxes were paid before they were sold or they were exempt and they were not supposed to be sold. 2245.1 and 2. Those are the two times an order can be void. And so we don't believe that the legislator put in two specific provisions in the property tax code that said the order for tax deed is going to be void under 2245.1 and 2 only on these occasions and then also extended it over to 2285 to void a tax deed. Because again, the legal effect is nothing. Once the tax deed is declared void, there's no reason to reach back to the order because it all falls without right to reimbursement. There's nothing left viable to anyone. So the only two reasons that an order can be void would be for sections 1 and 2. And so this procedural issue then comes in with these cases where we have an example city mortgage where in that particular case, the petitioner was petitioning past two years, two years, well past two years after the order was entered, and they filed a two-count petition and they filed a count one due process claim and they were attacking facial defects on the notice, which can't be done, you know, the facial defects on the notice. And then the second count was its void, the order, the tax deed, or void under 2285. And the third district appellate court rejected the arguments that 2245 precluded this tax deed from being void, but the city mortgage case, they also extended it and voided the order. And so in the city mortgage case, they said that the tax deed and the order are void under 2285. And so the procedural technical difficulty with this 2285 is it's a declaratory self-executing specific statutory provision that happens whether or not this court proceeding happens or not. This tax deed's void as a matter of law, self-executing. And Nicole Mingley, the 21401, I'm sorry, is that the time? Sorry. Thank you. Thank you, Ms. Hellier. Mr. Slocum. Good morning. My name is Paul Slocum, and I represent the appellees. I apologize for my voice. I don't have a scratchy voice. I don't have COVID. I just woke up this morning like this, so I apologize. 2285, well, let me back up. You can have a tax deed that is issued, that proper notice is given, and then that person sits around for over a year, and then he shows up at the clerk's office and says, I want to file this deed. At that point, when they talk about self-executing, that's what we're talking about. That's when the clerk says, you know what, I'm not going to accept this deed because under 2285, it's more than a year after the last date of redemption. That's why they need a copy of the certified order when they do that. So let me just first point that out in the self-executing nature of it. Several things counsel said, they keep saying this tax deed is void. Which tax deed? There are three of them here. They created two of them by filing a mandamus proceeding that declared the February 2016 tax deed void. That was the tax deed that was issued pursuant to the court in the underlying tax deed proceeding. That order is not being challenged today. That was affirmed on appeal and not raised. So we're left with a motion to vacate tax deed on count one. If you look at the actual allegations of count one, they don't even say which tax deed they're seeking to void. They don't mention which one. So respectfully, that does not sound in declaratory judgment. At a minimum, you've got to at least identify the document you're seeking to have a declaration on. That wasn't done here. There was no declaratory judgment action. The appellate court ruled a different way than what we argued. I'm right, so are they. Both grounds are correct. Let me explain first why the appellate court was correct. The construct of the tax code provides the tax deeds are incontestable except for three ways. A direct appeal in the underlying action, a 2-1203 motion, and a 14-01 motion modified by four or limited by 45-3. Those are the ways to void a tax deed order. Items one and two were never alleged. Items three and four under section 45 were litigated. The appellate court rejected those, and those have not been appealed. Quite frankly, the appellate court, I think, was right when they addressed the MB financial decision and the Will County decisions. Both of those are two decisions that either implicitly or explicitly use 2-1401-F as a vehicle for voiding a tax deed under 2285. The bottom line is 14-01-F refers to orders. It doesn't refer to tax deeds. So 14-01-F is not a vehicle to do this. They already tried with a 2-1203, and the appellate court properly found they didn't have standing. Because keep in mind, SI Resources was a complete stranger to this property and came out of nowhere two days after an order issuing the tax deed was issued. So they didn't have standing under 2-1203. They did not have standing under 14-01, under sections three and four. So undeterred, and while they are pursuing that line of argument, in the proper court, the court that issued the underlying tax deed, they circumvent that court. They go and file a mandamus case where we are not named in the case. You may say, well, you knew about it. Why didn't you enter? Well, yeah, we did know about it. We're talking about litigation that's been going on for four years over $69. So we didn't enter our appearance on that. The mandamus request was simply to reform the February 2016 tax deed. I looked at that and said, fine, have at it. Reform away. Because it's going to relate back anyway to the original tax deed. Then lo and behold, we get a court order that suddenly says, we're not reforming anything. We're declaring the February 2016 tax deed void. Did the mandamus court have the power to do that? Of course they didn't. Is there anything in the record to indicate they did an analysis to determine whether the original tax deed should be set aside? Of course they didn't. They were, the court, quite frankly the clerk, were told this is a clerical error that we need to reform. And then the next thing I know, I'm being hit over the head with an order that says the February 2016 tax deed is void. So that kind of comes back to the original, what is the motion to declare tax deed void? What are they even talking about? Which tax deed? Let's take them one by one. The first tax deed is the February 2016 tax deed. In their motion to void tax deed, they don't even mention it as seeking to set that aside. And why should they? They already had some other court declare it void. But here's the deal. They brought it pursuant to 2285. The plain language of that says file the tax deed within a year. The February 2016 tax deed was filed within a year, indisputably. But then all of a sudden they used the mandamus court to get that somehow set aside and voided. That's just without effect at all. It has no legal import because the mandamus court simply didn't have the power to do this. And so, you know, counsel mentioned that they followed the pleading examples of MB Financial. Well, I did the same. I looked at Excalibur versus Rockman. Rockman, these counsel were involved and defended Rockman in that case. I actually used their argument in this case. Guess what happened in Excalibur versus Rockman? Rockman has a deed. In Excalibur, instead of going to 1203, direct appeal, 1401, they go and file a separate claim in ejectment. And what do Rockman's lawyers say? You can't do that. You can't go outside this. You've got to go to the court that issued the tax deed. And guess what? The appellate court rightly, correctly agreed that it can't be treated as a petition from relief for judgment in view of the statutory requirement that they've got to be filed in the same proceeding. And it kind of begs the question, why would they go to a mandamus court when we're still pending in the underlying tax deed proceeding? But at the end of the day, Excalibur versus Rockman is directly on point. You can't use a claim of ejectment to go set aside a tax deed. Well, this motion they call a motion to void, there's no anchor to it. There's no authority for it, you know. Again, it's not a declaratory judgment action. The appellate court is right that 1401 deals with void orders. It doesn't deal with void deeds. And I think that's an important distinction I kind of agree with counsel on. Is that 2285 does speak in terms of voiding a deed and a sale. It doesn't talk about voiding the order. And I do think that's an important distinction. Kind of wrapping up, I would say this, that the February 16 tax deed on its face was filed within one year. And they're trying to use 2285 to knock that out. That doesn't work. If they try to use the 2285 proceeding to knock out the 2017 deed that was created out of whole cloth at their request in a mandamus proceeding. And it triggers equity. It triggers the estoppel doctrine. How in the world is it fair that they're going to come in and say, We're going to go get the old deed voided, which we know they can't do. We're going to get a new deed. We know that deed's more than a year from the order. So we're going to ask for this deed. We're going to get this deed. And once we got it, then we're going to go to the other court and try to declare it void. Estoppel doesn't allow that. It shouldn't. It just simply shouldn't. You shouldn't be able to go to another court and get a tax deed and then come back and say it's void. Were all the parties present necessary for estoppel in the mandamus action or in privity? They were, Your Honor. They were the same counsel, same parties, same transaction, same court order. On the one hand, in the mandamus case, they're trying to say we need the October 2017 deed. In this case, they're saying we want to void it. Wasn't S.I. Resources the petitioner in the mandamus and Brown was not a party that made that motion? I'm not sure about that. Let me see real quick. S.I. was the only one. And I would argue, Judge, that doesn't matter because they are a party. They are aligned in interest absolutely, 100 percent. But I will tell you, they weren't named in the mandamus proceeding. But the Browns have adopted this position in this case. They are trying to take the benefit of that good result of getting an October 2017. What is a vehicle for a person to use in this situation where there's a valid 2240 order, a year passes, then the deed is recorded? What does the person have to do with it? The person doesn't need to do anything. You know why? Because when the tax buyer goes and waddles up there to give the tax deed to the clerk, the clerk is obligated as a ministerial duty to say, is that 365 days or less? If it is, I shall accept it. If it's not, I'm not accepting it. That's the remedy. The reason we're in this whole bizarro world is because we have a situation where a party has insinuated himself into a case that it never had standing for. It was a stranger to the whole tax deed proceeding. And then I remember Justice Cates in the appellate argument was like, well, why don't you file a mandamus action? And the next thing we know, the mandamus action is being filed. And again, from my perspective, maybe I was wrong about it, but I didn't care because they were seeking a reform. They weren't seeking to void it. And then we got a void. So if the recorder of deeds does record it by mistake, then it's a mandamus that you would file? I think that's fair. Yeah, I think that's absolutely fair. Here's the other just kind of thought of this morning. Why in the world did the clerk accept the October 2017 deed? They created this deed out of whole cloth, and then the clerk accepted the October 2017 deed. And I think the answer to it, because they know the October 2017 deed is more than a year, the reason I think the clerk accepted it is because in the deed itself it says it reforms it and relates it back to the February 2016 deed, which was clearly timely. And just in final, we've cited the Landis decision and other cases that to the extent this October 2017 deed that was created by the mandamus, it should just be considered a reformed deed and relate back. And as a final argument, we think that the appellant should be stopped from having it both ways. Thank you very much. Thank you, Mr. Sloco. Thank you. Ms. Zellier. Thank you. I would like to clear up a few statements that were made that aren't supported by the record whatsoever. And I want to be clear on something. The property tax codes, language, purchaser, or assignee does not mean conjunctive. It does not mean that the order directing the county clerk to do its act and issue the tax deed can issue it to either you or you. That order is purchaser or assignee in the property tax code means one or the other. That order was entered to Castleman. And while we were on appeal, it came to our attention that Groom had recorded a deed. Groom was not in the 2248 order. So I want to be clear about 2248 that after a circuit court or, excuse me, trial court enters an order for tax deed, that jurisdiction is only retained to enter orders for possession. After that, you've got 30 days on a 1203. After that, you're limited to coming in on a 21401 to collaterally attack that order. So the writ of mandamus action that was discussed by the district appellate court and then our phone call to the state's attorney's office, this wasn't some nefarious act. This was a state's attorney from Hamilton County agreeing that the order directed the county clerk to issue the tax deed to Castleman, and somehow this deed was issued to Groom. So the clerk's role in the mandamus action was that the mandamus action was against the clerk. It wasn't against an order for tax deed. It wasn't attacking an order. It was saying, clerk, you have to do your job. This order has to be enforced as this court wrote it, and no one has a right to change the terms of this order. So, clerk, do your job. That was the mandamus action. The second thing is I want to go back to, there is these words. Tax deed and order for tax deed are not interchangeable terms in the Property Tax Code. Council wants to reference a pending case that's still pending, the Excalibur-Rockman case. I feel it only fair that I have to quickly address this. The petitioner in the Excalibur-Rockman case is attacking the order for tax deed. The order entered by the court directing the 2248 order. I think it's like 12-year-old order. Okay? They're not arguing 2285 that the tax deed is void. So this tax deed and this order for tax deed in the Property Tax Code are not interchangeable terms, and I think that this is important. So this mandamus action was filed after this 1203, and then, you know, the state's attorney agreed. And so the answer is this. There's one tax deed. There's not three tax deeds. The tax deed that was entered to Grimm was voided by agreement of the Hamilton County clerk and the Hamilton County state's attorney and entry of the court judge because they said this order states that this tax deed is going to Castleman. And, again, the misunderstanding of the Property Tax Code language of purchaser or assignee does not mean either or. It means one or the other. In example, to extend a notice of redemption, the holder of the certificate can assign that certificate out. So if I sign my certificate out, that doesn't mean I still have a legal right to go in and extend the redemption date because it's one or the other, purchaser or assignee. And so the state's attorney agreed to that, and so there's one tax deed here, and that's the October 27th tax deed. And so to answer your question, Your Honor, about what is the procedure, this is a question with these appellate courts, and there's a question in the practice of Tax Deed Arena. Is it a 214-01 procedure? And in our brief, what we set forth is we do not believe that 2285 language certificate or, excuse me, I guess I'm used to that, certificate or deed in the sale upon which it's based means the order. It means that that certificate price is not coming back, and that 2280A language that says that if it's otherwise void, the county's going to return that money is distinguished. The legislator distinguished a tax deed in 2285 from an order or a 2240A and a collateral attack on the order. And the procedure coming in then is clear in this court in Sarkeesian, in Warren County. An order is void if it lacks personal jurisdiction. This case is an NREM proceeding. Okay, this order is not void because the tax deed's not recorded. The tax deed is void. You're not getting your money back. And the confusion that comes with, I believe, bringing 214-01 procedure in is you get these very arguments. You have your DG Enterprise case where it says you're limited to these four grounds in 2245, and then you have the confusion of rating 2245 to be applicable to the tax deed, and it's not. It's the order. You're challenging the circuit court's order. And over here, if you don't do these acts and record within one year, that tax deed's void. So I think that that's an important point. So the procedure, we believe, is declaratory. And I'll say quickly that the original case, 2002, which is the Jerome v. Cert case, came out of the First District, Honorable Associate Judge Alfred Paul. And up north, we call it the Cert Doctrine. But nevertheless, it was the Jerome Cert case. And what he said is it can sue a sponte, and it can be voided in any court at any time because it's void. And so bringing this 214-01 procedure for order and judgment and attacking that order is expanding that scope outside of 2285 in our opinion. It's declaratory. And I thank you. Thank you, counsel. Case number 126150, in-ray application for a tax deed, SI Resources, LLC, et al. v. Opal Castleman. This matter will be taken under advisement and will be as agenda number 14. I thank you, Ms. Salyer, and also Mr. Slocum, for your arguments this afternoon.